IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **ENCORE WIRE CORPORATION,** § § | |
| **Plaintiff,** § § | **CIVIL ACTION NO.** |
| **v.** § § | **3:10-CV-86-JTC** |
| **SOUTHWIRE COMPANY,** § § | |
| **Defendant.** § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, for its Complaint against Defendant would respectfully show as follows:

### I. PARTIES

1.  Encore Wire Corporation ("Encore") is a Delaware corporation with its principal place of business at 1329 Millwood Rd., McKinney, Texas 75069.

2.  Upon information and belief, Southwire Company ("Southwire") is a Delaware corporation with its principal place of business at One Southwire Drive, Carrollton, Georgia 30119.  Southwire is registered to do business in the state of Georgia, with its registered agent, Floyd W. Smith at One Southwire Drive, Carrollton, Georgia 30119.

1

## II. JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction is also proper under the patent laws of the United States, Title 35, United States Code, as implemented by 28 U.S.C. § 1338(a) which gives the federal courts exclusive jurisdiction, and on the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

4. Upon information and belief, Southwire is doing business in this judicial district and therefore is subject to personal jurisdiction in this judicial district.

5. Because Southwire is subject to personal jurisdiction in this judicial district, they are deemed to be residents of this district under 28 U.S.C. § 1391(b) and (c); therefore, venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## III. FACTS

6. This Complaint arises from Southwire's false descriptions of Encore's goods and services, Southwire's use of a misdescriptive mark, and U.S. Patent No. 7,749,024 entitled "Method of Manufacturing THHN Electrical Cable, and Resulting Product, with Reduced Required Installation Pulling Force" (the "'024 Patent").

7. On information and belief, Southwire is a cable and wire manufacturer that sells cable and wire in interstate commerce.

8. Encore is a cable and wire manufacturer that sells cable and wire in interstate commerce.

9. On information and belief, Southwire has made false and misleading statements to customers regarding the nature, character and quality of Encore's products in order to try to convince those customers to purchase goods from Southwire rather than Encore.

10. Southwire is the alleged owner of the "NO LUBE" trademark, U.S. Trademark Registration No. 3,293,485. A copy of the "NO LUBE" trademark is attached as Exhibit A.

11. On information and belief, Southwire uses the "NO LUBE" trademark on its SIMpull THHN product. Southwire's SIMpull THHN product contains a lubricant. A photograph of Southwire's lubricated THHN product bearing the "NO LUBE" mark is attached as Exhibit B.

12. Southwire is the alleged assignee of U.S. Patent No. 7,411,129 entitled "Electrical Cable Having a Surface with Reduced Coefficient of Friction"

(the "'129 Patent"). The '129 Patent issued on August 12, 2008. A copy of the '129 Patent is attached as Exhibit C.

13. Southwire is the alleged assignee of U.S. Patent No. 7,557,301 entitled "Method of Manufacturing Electrical Cable Having Reduced Required Force for Installation" (the "'301 Patent"). The '301 Patent issued on July 7, 2009. A copy of the '301 Patent is attached as Exhibit D.

14. The '301 Patent is a continuation of the '129 Patent.

15. Southwire is the alleged assignee of the '024 Patent. On July 6, 2010 the '024 Patent will issue from U.S. Patent Application No. 11/675,441.

16. The '024 Patent is a continuation-in-part of U.S. Patent application 11/120,487, filed May 3, 2005, which is a continuation-in-part of application Serial No. 10/952,294, which issued as the '129 Patent.

## IV. THE PATENT CONTROVERSY

17. The allegations of Paragraphs 1 to 16 above are incorporated by reference.

18. Encore plans and intends to manufacture and sell THHN cable having a lubricated surface.

19. Southwire sued Encore for infringement of the '301 Patent on July 7, 2009, the day the '301 Patent issued. A copy of Southwire's complaint is attached as Exhibit E.

20. The '024 Patent entitled "Method of Manufacturing THHN Electrical Cable, and Resulting Product, with Reduced Required Installation Pulling Force" is very similar to the '301 Patent entitled "Method of Manufacturing Electrical Cable Having Reduced Required Force for Installation."

21. Given the history of litigation between Southwire and Encore regarding similar technology, Encore has a reasonable apprehension of suit regarding the '024 Patent.

22. An actual controversy of justiciable nature exists between Southwire and Encore regarding whether the sale and manufacture of THHN cables having a lubricated surface by Encore would infringe any claims of the '024 Patent. To resolve the legal and factual questions raised, Encore is entitled to have a declaratory judgment of its rights under 28 U.S.C. §§ 2201-2202.

## V. COUNT ONE: SOUTHWIRE'S FALSE DESCRIPTIONS UNDER 15 U.S.C. § 1125

23.     The allegations of Paragraphs 1 to 22 above are incorporated by reference.

24.     On information and belief, Southwire has made false and misleading statements to customers regarding the nature, character and quality of Encore's products in order to try to convince those customers to purchase goods from Southwire rather than Encore. These material false and misleading statements had the capacity to deceive a substantial segment of potential customers.

25.     Southwire's acts have caused and will continue to cause great and irreparable damage to Encore's business.

26.     As a result of Southwire's false descriptions of Encore's goods and services, Encore is entitled to appropriate relief as prayed for hereinafter.

## VI. COUNT TWO: CANCELLATION OF SOUTHWIRE'S MISDESCRIPTIVE MARK UNDER 15 U.S.C. § 1119

27.     The allegations of Paragraphs 1 to 26 above are incorporated by reference.

28. This count is for the cancellation of Southwire's "NO LUBE" trademark.

29. On information and belief, Southwire has marked at least its SIMpull THHN product with a deceptively misdescriptive mark. The "NO LUBE" trademark misdescribes a characteristic, quality, and composition of the SIMpull THHN product. The misdescriptive nature of the "NO LUBE" trademark is deceptive to customers, who are likely to believe the misdescription accurately describes the SIMpull THHN product.

### VII. COUNT THREE: ENCORE'S NON-INFRINGEMENT

30. The allegations of Paragraphs 1 to 29 above are incorporated by reference.

31. This count is for a declaratory judgment of non-infringement of the claims of the '024 Patent.

32. The sale and manufacture of THHN cables having a lubricated surface by Encore does not and will not infringe, contributorily infringe, or constitute inducement of infringement of the claims of the '024 Patent.

33. Encore is entitled to a declaration that the sale and manufacture of

THHN cables having a lubricated surface in the United States does not directly infringe, contributorily infringe, or induce infringement of any claim of the '024 Patent.

## VIII.  COUNT THREE:  INVALIDITY

34. The allegations of Paragraphs 1 to 33 above are incorporated by reference.

35. The '024 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of 35 U.S.C., including but not limited to §§ 101, 102, 103, and 112.

36. Therefore, there has been and is now an actual controversy between Encore and Southwire as to the invalidity of the '024 Patent.

## IX.  JURY DEMAND

Encore hereby demands a jury trial.

## X.  PRAYER

WHEREFORE, Encore respectfully requests that the Court enter a judgment that:

(A)  Southwire has violated 15 U.S.C. § 1125;

(B) Encore be awarded its damages for Southwire's violation of 15 U.S.C. § 1125;

(C) Southwire has violated 15 U.S.C. § 1119;

(D) The registration of U.S. Trademark Registration No. 3,293,485 (the "NO LUBE" mark) is cancelled;

(E) Encore does not infringe any claim of the '024 Patent;

(F) The '024 Patent is invalid;

(G) Southwire, its officers, agents, servants, employees, representatives, successors, and assigns, and any and all persons in active concert or participation with or under authority from Southwire, either separately or jointly, is enjoined from interfering with, or threatening to interfere with, the sale and manufacture of THHN cables having a lubricated surface by Encore, its related companies, successor or assigns, in connection with its business; and that,

(H) Encore be awarded its costs and reasonable attorney fees incurred herein.

[SIGNATURE ON NEXT PAGE]

Date: July 6, 2010        By: /s/ Arthur D. Brannan
                                               Arthur D. Brannan
                                               Georgia Bar No. 076695
                                               Paul N. Monnin
                                               Georgia Bar No. 516612
                                               James F. Cirincione
                                               Georgia Bar No. 112009
                                               DLA PIPER LLP (US)
                                               1201 West Peachtree Street
                                               Suite 2800
                                               Atlanta, GA 30309
                                               (404) 736-7800
                                               (404) 682-7800 (fax)
                                               arthur.brannan@dlapiper.com
                                               paul.monnin@dlapiper.com
                                               james.cirincione@dlapiper.com

                                               **ATTORNEYS FOR PLAINTIFF**
                                               **ENCORE WIRE CORPORATION**